UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOSE VALDEZ CARBALLEA,

Plaintiff,

Case No. 2:26-cv-1309-KCD-NPM

v.

PAMELA JO BONDI,

Defendant.

_____/

## ORDER

Petitioner Jose Valdez Carballea is a Cuban citizen who is subject to a final order of removal. (Doc. 5-8.)[1] He was recently detained by U.S. Immigration and Customs Enforcement ("ICE"). He now seeks a writ of habeas corpus under 28 U.S.C. § 2241., arguing that his continued detention violates the Fifth Amendment. (Doc. 1.) The Government opposes the petition. (Doc. 5.) For the reasons below, the petition is **DENIED WITHOUT PREJUDICE**.

## I. Background

Carballea arrived in the United States in 1980 and was paroled. (Doc. 5-2.) Over the years, he racked up convictions for drug possession and distribution. A final removal order was entered in 1991. (Doc. 9-8.) He was

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

released on an order of supervision when removal could not be effectuated at that time. (Doc. 5-10.)

On March 3, 2026, ICE determined it was appropriate to detain Carballea once more. (Doc. 5-12.) On April 8, 2026, Carballea's supervision was revoked to effectuate his removal, and he was served a notice of revocation. (Doc. 5-13.) That same day, ICE conducted an informal interview. (Doc. 5-9.)

## II. Legal Framework

The federal habeas statute, 28 U.S.C. § 2241, provides authority to issue writs of habeas corpus when an individual is "[i]n custody in violation of the Constitution or law or treaties of the United States." *Id.* § 2241(c)(3). "At its historical core, the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). "Section 2241 authorizes federal courts to hear challenges to immigration detention." *Grigorian v. Bondi*, No. 25-CV-22914-RAR, 2025 WL 2604573, at *2 (S.D. Fla. Sept. 9, 2025).

## III. Discussion

The Government first claims that a provision of the INA—8 U.S.C. § 1252(g)—precludes federal jurisdiction. This Court has already addressed these arguments and rejected them for the same reasons they fail today. *See*

*Obando-Vargas v. Assistant Dir.*, No. 2:26-CV-265-KCD-NPM, 2026 WL 796804, at *1-2 (M.D. Fla. Mar. 23, 2026). Section 1252(g) forecloses judicial review of just three discrete actions by the Attorney General, and challenging the procedural mechanics of a detention is not one of them. *Id.* With the jurisdictional underbrush cleared away, the Court turns to the merits.

As best the Court can tell from the pro se petition, Carballea presses two substantive claims. First, he is being held without the opportunity to contest his detention in violation of the Due Process Clause. (Doc. 1 at 2-4.) Second, he did not violate his supervision, so ICE could not revoke his release. (*Id.*)

For starters, it's not entirely clear that Carballea is entitled to a freestanding due process analysis at this time. When the Supreme Court confronted the constitutional perils of indefinite immigration detention in *Zadvydas v. Davis*, it did not instruct lower courts to start weighing the process afforded to the detainee. It set a timer. For the first six months, detention is presumptively reasonable. 533 U.S. 678, 701 (2001). So until that timer goes off, *Zadvydas* itself seemingly supplies the constitutional metric. *Martinez v. Larose*, 968 F.3d 555, 566 (6th Cir. 2020). "In other words, the *Zadvydas* standard *is* due process: a § 1231 detainee who fails the *Zadvydas* test fails to prove a due process violation." *Castaneda v. Perry*, 95 F.4th 750,

3

760 (4th Cir. 2024). Because Carballea's detention is barely out of the starting gate, he is presumably not yet entitled to anything more.

But even if we assume the due process clause applies with full force, Carballea still comes up empty. At its core, the Due Process Clause demands that before the government strips a person of a protected liberty interest, it must provide notice and a meaningful opportunity to be heard. *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976). "Due process requires notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 272 (2010).

In the context of revoking a noncitizen's supervised release, as here, ICE's regulations strike that constitutional balance by guaranteeing written notice and an informal interview that allows the individual to respond. *See* 8 C.F.R. §§ 241.4(l)(1), 241.13(i). Carballea received both. (*See* Docs. 5-9 at 3, 5-13.) He got exactly what the Fifth Amendment requires—notice and a meaningful opportunity to be heard. *See Mathews v. Eldridge*, 424 U.S. 319, 333 (1976).

Carballea's argument that his clean supervision record precludes ICE from revoking his supervision also fails. He is subject to a final removal order that stands uncontested. The INA explicitly authorizes a return to detention

4

to effectuate such orders. 8 C.F.R. § 241.13(i)(2). And the government no doubt has a legitimate interest in doing exactly that—enforcing its laws, ensuring individuals do not flee, and protecting the public. *See Malam v. Adducci*, 469 F. Supp. 3d 767, 790 (E.D. Mich. 2020). Here, the Government revoked Carballea's release specifically to enforce his outstanding removal order, gave him notice that they were doing so, and afforded him an informal interview. Returning him to custody served a recognized, legitimate government objective and was done in compliance with the INA's regulations.

The Constitution guarantees a fair process, not a favorable result. Because ICE afforded Carballea the requisite notice and an opportunity to be heard, his procedural due process claim fails.

## IV. Conclusion

Carballea's legal challenge to the length of his detention is premature, and the procedural due process claim fails, so the habeas petition must be **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and close the case.

**ORDERED** in Fort Myers, Florida on April 27, 2026.

Kyle C. Dudek
United States District Judge

5